# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Caleb Whitfield,

               *Plaintiff*,        Case No. 3:24-cv-252

v.

                                      District Judge Thomas M. Rose

Correction Officer Runyan, *et al.*,        Magistrate Judge Karen L. Litkovitz

             *Defendants*.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 10)

---

      Plaintiff, an inmate currently at the Toledo Correctional Institution, in Toledo, Ohio, has brought a *pro se* civil rights action for alleged violations of his rights while he was a pretrial detainee at the Montgomery County Jail in Dayton, Ohio. Upon a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, *see* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), Magistrate Judge Karen L. Litkovitz recommended that the Court:

1

1. **DISMISS with prejudice** plaintiff's complaint, with the exception of his first, second, fifth, sixth, and ninth group of claims against the individual defendants named in those claims in their individual capacities and the [Montgomery County Board of Commissioners]. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that … an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

(*See* Doc. 10, PageID 12.) Despite an extension from the Court (Doc. 14), the Report and Recommendation remains unopposed.

The Court has reviewed the findings of the Magistrate Judge. The Court has also considered the objections filed by Plaintiff in *Whitfield v. Evers*, 3:24-cv-244, Doc. 9. The Court notes that Plaintiff cannot establish a Section 1983 case based on alleged violations of a jail manual, policies or contracts. Section 1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, policies, rules or practices. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has made a *de novo* review of the record in this case. Upon consideration of the foregoing, the Court **ADOPTS** the Report and Recommendations (Doc. 10) in its entirety. The Court **DISMISSES with prejudice** plaintiff's complaint, with the exception of his first, second, fifth, sixth, and ninth group of claims against the individual defendants named in those claims in their individual capacities and the Montgomery County Board of Commissioners. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(e)(2)(B) that an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**DONE** and **ORDERED** this Friday, March 7, 2025.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE